UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | EP-03-CR-709-PRM-1 |
| | § § § | |
| OSCAR GOMEZ-TRUJILLO,<br>    Defendant. | § § | |

### ORDER DENYING MOTION FOR RECONSIDERATION

On this day, the Court considered Defendant Oscar Gomez-Trujillo's [hereinafter "Defendant"] "Motion in Reconsideration to Order Amending Judgment for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Amendment 782" (ECF No. 111) [hereinafter "Motion"], filed on September 11, 2017, in the above-captioned cause. In the Motion, Defendant requests that the Court reconsider its "Order Amending Judgment" (ECF No. 102), wherein the Court lowered Defendant's sentence from 235 months' imprisonment to 210 months' imprisonment. For the foregoing reasons, the Court will deny the Motion.

1

## I. BACKGROUND

On May 5, 2017, Defendant filed a "Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) Amendment 782" (ECF No. 99). In that motion, Defendant requested a sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines, which lowered the penalties for many drug offenses by reducing offense levels on the § 2D1.1 Drug Quantity Table by two levels. The Court granted Defendant's request and lowered his sentence from 235 months to 210 months. Order, July 26, 2017, ECF No. 102. The Court did so after "having considered the guidelines, . . . the Sentencing Reform Act, the guideline policy statements, and 18 U.S.C. § 3553(a)." *Id.*

Thereafter, on September 11, 2017, Defendant filed the instant Motion for Reconsideration. In the Motion, Defendant claims that the District Court erred by reducing his sentence by only one level because he was entitled by Amendment 782 to a two-level reduction. Mot. 5. Defendant also urges the Court to reconsider the § 3553(a) sentencing factors that allow courts discretion in lowering a sentence under Amendment 782. *Id.* Specifically, Defendant wishes the Court to

2

consider his post-conviction rehabilitation and other mitigating factors that weigh in favor of a variance from the Guidelines range. *Id.* at 3–6.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

"Although the Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration, district courts possess continuing jurisdiction over criminal cases and are free to reconsider their earlier decisions." *United States v. CITGO Petroleum Corp.*, 908 F. Supp. 2d 812, 820 (S.D. Tex. 2012) (citing *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975)). Such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Salinas*, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009) (quoting *United States v. Banks*, No. 1:08–cr–113–RC, 2009 WL 585506 at *1 (E.D. Tex. Mar. 6, 2009)). "There is a high burden of proof on the party seeking reconsideration in order 'to discourage litigants from making repetitive arguments on issues already considered.'" *Id.* (quoting *United States v. Olis*, Nos. H–07–3295 & H–03–217–01, 2008 WL 5046342 at *31 (S.D. Tex. Nov. 21, 2008)).

3

## B. Sentence Reduction Pursuant to Amendment 782

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). Section 3582(c), however, establishes an exception to the general rule of finality:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In applying this exception regarding Amendment 782, courts engage in a two-step inquiry. At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in Sentencing Guideline § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. *Dillon*, 560 U.S. at 821. At step two, 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the

4

reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

The § 3553 factors include: "the nature and the circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant; the kinds of sentences available; any pertinent Guidelines policy statement; and the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995) (citing § 3553(a)). In particular, the Court must consider public safety, including information regarding the post-sentencing conduct of the defendant. U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 cmt. n.1(b) (U.S. SENTENCING COMM'N 2015).

## III. ANALYSIS

Defendant makes two arguments in attempting to persuade the Court to impose a lower sentence than the Court already granted. First,

he argues that the Court was obligated to reduce his sentence by two levels instead of only one. Second, Defendant argues that the Court failed to consider the statutory sentencing factors from § 3553(a) when it amended the initial sentence of 235 months.

In this case, the Court determined that Defendant was eligible for a two-level reduction of sentence pursuant to Amendment 782, consistent with the first step of the 3582(c)(2) analysis. However, consistent with the second step of the 3582(c)(2) analysis, the Court further determined that Defendant's infractions at the Bureau of Prisons were extensive, especially in comparison with other inmates the Court has considered for Amendment 782 sentence reductions. *See* Government's Resp. Def.'s Mot. for Sentence Reduction 4, Sept. 19, 2016, ECF No. 80. Defendant's misconduct included two serious incidents which involved possessing a hazardous tool and a homemade plexiglass weapon. *Id.* These incidents resulted in Defendant losing eighty-one days of good time credit. *Id.* As a result, the Court did not grant Defendant the full, two-level downward adjustment to his sentence as Amendment 782 permits.

Thus, the Court did not err when it exercised its discretion and reduced Defendant's sentence by only one level instead of two. Further, the Court carefully considered the § 3553(a) factors in making that determination. Defendant presents no new information that the Court was unable to consider previously in making that determination. The Court therefore declines to reconsider its Order lowering Defendant's sentence.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Oscar Gomez-Trujillo's "Motion in Reconsideration to Order Amending Judgment for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Amendment 782" (ECF No. 111) is **DENIED**.

**SIGNED** this 30 day of **January, 2018**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE